Argued and submitted May 14, affirmed June 16, 1980

In the Matter of the Compensation of
GARBUTT,
*Petitioner,*
*v.*
J. W. COPELAND YARDS, et al,
*Respondents.*

(WCB Case No. 78-9436, CA 16416)

612 P2d 761

Samuel J. Imperati, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun and Green, Portland.

David Horne, Portland, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is a workers' compensation case involving a shoulder injury in which the referee awarded 60 percent disability based upon the medical evidence. Films of claimant working on his farm and on a drilling rig were introduced as evidence for the purpose of discrediting claimant and the medical evidence. Both parties agree that the films are pivotal to the decision.

The referee, after reviewing the films, decided they did not outweigh the medical evidence or impeach claimant and awarded 60 percent unscheduled disability. The Board, basing its decision entirely on the films, decreased the award to 30 percent unscheduled disability. In our de novo review we reach the same result as the Board, but for different reasons.

Claimant's right shoulder injury occurred in November, 1975. The diagnosis was a torn right rotator cuff. Surgery was performed in November, 1976. One of the films was taken in May, 1976, and the other was taken in March, 1977. Thus the films provide an opportunity to observe claimant's limitations both before and after the operation.

Claimant's testimony was that he could extend his right arm no more than three or four inches forward from the vertical line, and that he could not raise the upper arm above shoulder level. He acknowledged that he could raise the right arm when he lifted it with his left hand.

In the first film, claimant was pitching hay. It appeared that he was only holding the fork with his right hand and using his left hand and arm to move the fork. He was also observed driving both his pickup truck and tractor. It is impossible to observe the use of his arm in these activities.

The second film showed claimant working over a three to four-day period on a drilling rig. He was helping another man put the drilling stem into place a

number of times and doing other odd jobs around the site. When he helped with the drilling stem, he would step up on the rig while the other man remained on the ground. This arrangement required the man on the ground to raise his hands well over his head, but claimant's hands were at chest to waist level. Both men appeared to use considerable strength in twisting the stem into place, but claimant's hands and arms were never higher than chest level except once when it appeared that he made a spontaneous wave at something at about face level. It was noted that a few times claimant's right arm was at his side while he used his left arm and hand exclusively.

After viewing the films, we do not agree with the Board's statement that

"[t]he films demonstrated claimant working fully actively and without restriction. On the drilling rig claimant used his right shoulder, and used it overhead and the films as a whole indicate some rather strenuous use of that shoulder."

Although it was evident that twisting the drill stem required some effort and could be called "strenuous," claimant's right arm was not raised and it appeared this activity could be accomplished with the strength of his arms and hands.

However, the films did depict a large, sturdily built man who demonstrated an ability to use his right arm in manual labor activities. Conceding that claimant's right shoulder limits his ability to use his arm freely, particularly above his head, we find that he is, nonetheless, capable of using that arm for fairly strenuous tasks. On this basis we affirm the Board's award.

Affirmed.